IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN CEPEDA, on behalf of herself and others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY |
| v. | : ON MAY 13, 2022 |
| RDS HOME CARE INC., | : CLASS/COLLECTIVE ACTION |
| Defendant. | : |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Evelyn Cepeda ("Plaintiff") brings this lawsuit against RDS Home Care Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. §216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. §1367.

3. Venue in this Court is proper under 28 U.S.C. §1391.

## PARTIES

4. Plaintiff resides in Philadelphia, PA.

5. Defendant is headquartered in Philadelphia, PA.

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8. Defendant owns and operates a business that provides "home care" services to "elderly clients" in and around Philadelphia.[1] These "home care" services include, *inter alia*, the following: "companionship," "household management," "incontinence care," "transfer assistance," "respite care," "communication," and "personal care."[2]

9. Defendant employs workers who provide home care services to its clients. We will call these individuals "home care workers."

10. Plaintiff was employed by Defendant as a home care worker during the three-year period relevant to this lawsuit.

11. Plaintiff, like other home care workers, was paid an hourly wage. Specifically, for much of Plaintiff's employment, Defendant paid her a regular hourly rate (a.k.a. "straight-time wage") of $13.00.

12. Like other home care workers, Plaintiff often worked over 40 hours per week.

13. Plaintiff, like other home care workers, sometimes provided home care services to multiple clients within a single week. For example, during the week beginning on November 1 2021 and ending on November 7, 2021 ("the Sample 11/1/21-11/7/21 Week"), Plaintiff spent 56 hours providing services to Client A and 42 hours providing services to Client B.[3] Thus, Plaintiff worked a total of 98 hours during the Sample 11/1/21-11/7/21 Week. This 98-hour total was typical of Plaintiff's total work hours during weeks in which she provided home care

---

[1] *See* https://www.rdshomecare.com/home-care-about-us (last reviewed 5/11/22).
[2] *See* https://www.rdshomecare.com/home-care-our-services (last reviewed 5/11/22).
[3] Due to privacy considerations, we refrain from including client names in this publicly-filed document.

services to multiple clients.

14. The FLSA and PMWA entitle employees to extra overtime pay for hours worked over 40 per week. *See* Counts I and II *infra* (citing 29 U.S.C. §207(a)(1) and 43 P.S. §333.104(c)). Specifically, each hour worked over 40 per week is compensable at a pay rate equaling 150% of an employee's regular hourly rate. For example, when Plaintiff's straight-time wage equaled $13.00/hour, her overtime wage equaled $19.50/hour.

15. In determining the number of hours for which overtime wages are owed, an employer "must total all the hours worked by the employee for [the employer] in that workweek (even though two or more unrelated job assignments may have been performed)." 29 C.F.R. §778.103. Thus, during weeks in which a home care worker provides services to multiple clients, Defendant must (i) determine the worker's *total* hours by combining together *all* hours worked on behalf of *all* clients and (ii) pay the overtime wage for every total combined hour exceeding the 40-hour threshold. For example, during the Sample 11/1/21-11/7/21 Week, Plaintiff was legally entitled to the overtime wage for 58 of the 98 total combined hours she spent providing services to Clients A and B.

16. Defendant often violated the rule described in paragraph 15. Specifically, during many weeks within the relevant three-year period, Defendant limited its payment of overtime wages to those hours in which Plaintiff's work for a *single client* exceeded the 40-hour overtime threshold. For example, during the Sample 11/1/21-11/7/21 Week, Plaintiff received overtime wages for only 18 hours. Specifically, the 56 hours Plaintiff spent providing services to Client A generated 16 hours of overtime wages, while the 42 hours Plaintiff spent providing services to Client B generated 2 hours of overtime wages.

17. Defendant's failure to pay overtime wages based on home care workers' *total*

3

*combined* weekly work hours has resulted in significant unpaid wages. For example, during the Sample 11/1/21-11/7/21 Week, Plaintiff was paid her $13.00 straight-time wage – rather than the $19.50 overtime wage – for 40 of her 58 overtime hours. *See* ¶¶ 15-16 *supra*. As a result, she was shortchanged $260.00 (40 hours X $6.50) during this single week.

18. Defendant's business practice of failing to pay overtime wages based on the *total combined* weekly work hours of Plaintiff and other home care workers was undertaken with reckless disregard of clearly applicable FLSA provisions, including, *inter alia*, 29 C.F.R. §§778.103.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals employed by Defendant to provide home care services within the past three years.

20. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. §216(b) and the associated decisional law.

21. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, her claims are typical of the claims of other class

members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

25. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

27. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

28. In paying Plaintiff and other collective members straight-time wages for some hours worked over 40, Defendant violated the FLSA and, in so doing, recklessly disregarded clearly applicable FLSA provisions and guidance.

## COUNT II – PMWA

29. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

30. In paying Plaintiff and other collective members straight-time wages for some hours worked over 40, Defendant violated the PMWA.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: May 13, 2022                                          Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_Evelyn Reynoso Cepeda_
Signature

_Evelyn Reynoso Cepeda_
Print Name