IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| EVELYN CEPEDA, on behalf of herself and others similarly situated, | : : | 2:22-CV-01887-MAK |
| Plaintiff, | : | |
| v. | : : | |
| RDS HOME CARE INC., | : | |
| Defendant. | : : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff Evelyn Cepeda, Opt-Ins Franklin Santana and Guillermina Bautista, and Defendant RDS Home Care Inc. have settled this Fair Labor Standards Act ("FLSA") lawsuit for $25,000 per the accompanying Settlement Agreement and Release of Claims ("Agreement"). *See* Doc. 23-1. The undersigned Plaintiff's counsel agree with Judge Wolson that judicial approval of *non-collective* FLSA lawsuits is not required. *See Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, 2022 U.S. Dist. LEXIS 122552 (E.D. Pa. July 12, 2022). However, because the instant lawsuit is a collective action – albeit an extremely small one – judicial review is warranted in the absence of Third Circuit authority to the contrary.

As will be discussed in an accompanying brief, the instant settlement should be approved as "fair and reasonable" because it achieves an excellent result for Ms. Cepeda and the two Opt-Ins. Specifically, after the $25,000 is reduced by the attorney's fees and expenses, the settlement results in the workers recovering 100% of their estimated unpaid overtime wages and approximately 55% of the estimated liquidated damages. In order to facilitate this settlement, Plaintiff's counsel have limited their attorney's fee to an amount that falls well below their fee lodestar. *Compare* Agreement (Doc. 23-1) at ¶ 4 *with* Declaration of Peter Winebrake (Doc. 23-2) at ¶ 16.

1

Finally, the Court should be alerted that Opt-In Guillermina Bautista has not signed the settlement agreement as of today.  *See* Agreement (Doc. 23-1).  FLSA opt-ins generally do not sign settlement agreements because, in joining the action, they agree to be bound by the Court's decisions regarding all matters, including the fairness of any settlement.  *See*, *e.g.*, Doc. 19 (Bautista Consent Form); *see also Halle v. West Penn Allegheny Health System Inc.*, 842 F.3d 215, 230 (3d Cir. 2016) (characterizing FLSA opt-ins as "mere passive observers" who, in exchange for the benefits of collective litigation, "agreed to set aside the individual authority to litigate").  Notwithstanding, because this action covers only three individuals, Plaintiff's counsel decided to include in the Agreement individual signature lines for Opt-Ins Santana and Bautista.  Plaintiff's counsel are working diligently to contact Ms. Bautista and respectfully suggest that, if the Court approves the settlement before she signs the Agreement, then her settlement proceeds should be held in Plaintiff's counsel's escrow account until she signs the agreement.

**WHEREFORE**, Plaintiff respectfully asks the Court to grant this motion and approve the instant settlement.  A proposed order is attached.

Date:  January 20, 2023                                                                Respectfully,

                                                                                                        /s/ Peter Winebrake

                                                                                                        Peter Winebrake
                                                                                                        Michelle L. Tolodziecki
                                                                                                        WINEBRAKE & SANTILLO, LLC
                                                                                                        715 Twining Road, Suite 211
                                                                                                        Dresher, PA 19025
                                                                                                        (215) 884-2491

2