IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVELYN CEPEDA** | : CIVIL ACTION |
| | : |
| v. | : NO. 22-1887 |
| | : |
| **RDS HOME CARE INC.** | : |

## ORDER

**AND NOW**, this 24th day of January 2023, upon considering Plaintiff's unopposed Motion to approve a settlement agreement under the Fair Labor Standards Act (ECF Doc. No. 23) on her own behalf before seeking preliminary certification, supporting Memorandum (ECF Doc. No. 24) and having found the settlement agreement (ECF Doc. No. 23-1) represents a fair and reasonable settlement of a *bona fide* dispute between the parties under the Fair Labor Standards Act including payment of reasonable attorney fees to Plaintiffs' counsel with necessary and limited costs and the settlement agreement otherwise furthers the Act's implementation in the workplace, and considering Plaintiff counsel's Declaration (ECF Doc. No. 23-2), it is **ORDERED** Plaintiff's unopposed Motion (ECF Doc. No. 23) is **GRANTED modified to recognize the waiver of confidentiality**:

1. The settlement is **approved** as a fair and reasonable settlement of a *bona fide* dispute except nothing in the Release of Claims (ECF Doc. No. 23, par. 5) can be construed as affecting the Plaintiff's attorney's ability (to the extent the parties interpret "agents" to include attorneys) to pursue claims for other past or present employees;

2. The total settlement amount of $25,000.00 with $3,175.00 paid to Plaintiff Cepeda, $7,754.00 paid to Plaintiff Santana, and $5,337.00 paid to Plaintiff Bautista characterized as unpaid overtime wages and liquidated damages is fair and reasonable under the factors defined by our Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975);

3.      The payment of $8,734.00 as attorney's fees and costs is fair and reasonable following our review of counsel's sworn statement and under the factors defined by our Court of Appeals in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000);

4.      The parties' promises of mutual confidentiality precluding publicity or a statement to the media (ECF Doc. No. 23-1, par. 6) is enforceable only to the extent nothing in the settlement precludes the Plaintiff from speaking to other past or present employees[1] and mindful any other type of enforcement by court action except as to affirmative statements made to the media is waived by the public filing of the settlement agreement and otherwise may not be enforced to penalize a party for breach of the confidentiality promise waived by the parties' required filing of a settlement for our review under the Fair Labor Standards Act;[2]

5.      The case is **dismissed** under Local Rule 41.1 based on the specific promises in the settlement agreement as we expect the employer to timely honor its obligations;[3] and,

6.      The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

[1] *See Devine v. Ne. Treatment Centers, Inc.*, No. 20-2417, 2021 WL 4803819, at *8 (E.D. Pa. Oct. 14, 2021) (citing *McGee v. Ann's Choice*, No. 12-12554, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014)).

[2] Confidentiality in FLSA settlements is generally disfavored, particularly when breach of the confidentiality may allow the employer to retaliate. *See Schwartz v. Pa. State Univ.*, No. 15-2176, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017) (employer agreed not to retaliate for a breach of confidentiality).

[3] Local Rule 41.1(b) provides:

> Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c).

2